EVAN KROLL (SBN 333754)
ekroll@mcdermottlaw.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110

Attorneys for Defendant
G2I Inc.

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES WALLACE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>G2I Inc., a Florida corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT G2I INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Removed from Butte County Superior Court, Case No 26CV02192]<br><br>Complaint filed: May 19, 2026<br>FAC filed: September 8, 2026<br>Trial date: TBD |

McDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF, *IN PRO PER*, OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant G2I Inc. ("G2I"), by and through its attorneys of record, hereby removes the above-entitled action pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, originally commenced in Superior Court of the State of California, County of Butte, Case No. 26CV02192, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction over Plaintiff, *in pro per*, Charles Wallace's ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists (Plaintiff is a citizen of California and G2I is a citizen of Florida), and the amount in controversy exceeds $75,000 based on the amount requested in Plaintiff's operative civil complaint, the first document filed and/or served in this action which sets forth an amount in excess of the required $75,000. In support of such removal, G2I alleges as follows:

## I. PLAINTIFF'S STATE COURT ACTION

1. On May 19, 2026, Plaintiff Charles Wallace, *in pro per* ("Plaintiff"), initiated this lawsuit in the California Superior Court, County of Butte, by filing a verified civil complaint the "State Court Action"). Declaration of Evan Kroll ("Kroll Decl."), *concurrently filed herewith*, ¶ 2, Ex. A (Complaint). In his May 19 complaint, Plaintiff asserted two causes of action related to G2I's alleged failure to provide employment records upon request. *Id.* The amount put in controversy by way of the May 19 complaint did not exceed $75,000. *Id.*

2. On September 8, 2026, Plaintiff filed a verified first amended complaint ("FAC") in the State Court Action, asserting seven causes of action relating to G2I's termination of Plaintiff's employment, and requesting economic and emotional distress damages.[1] Kroll Decl., ¶ 5, Ex. B (FAC). Moreover, Plaintiff's September 8

[1] G2I denies the allegations in the FAC and intends to file a motion to compel arbitration following the instant removal to federal court.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

first amended complaint specifically requests more than $75,000.00 exclusive of interest and costs. *Id.* Thus, grounds to remove the matter were first asserted in the FAC. *Id.*

3. The remainder of the documents filed in the State Court Action are attached to the Declaration of Evan Kroll, at ¶ 9, Ex. C. Thus, Exhibits A-C of the Declaration of Evan Kroll constitute all process, pleadings, and orders served on or by Defendant in this action in accordance with 28 U.S.C. § 1446(a). *Ibid*.

## II. REMOVAL IS TIMELY

4. If a pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction, a defendant in a civil action must remove the action to federal court within 30 days after it is validly served with a summons and complaint. 28 U.S.C. § 1446(b)(1) ("[A] notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *see also Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).

5. Here, Plaintiff's May 19, 2026 complaint did not meet the amount in controversy requirement. Kroll Decl., ¶ 1, Ex. A (Complaint). However, in Plaintiff's FAC, Plaintiff sets forth a specific monetary amount that exceeds the amount in controversy requirement. *Id.* at ¶ 5, Ex. B (FAC). Plaintiff served the FAC on G2I on September 12, 2026. *Id.* at ¶ 6. Thus, in accordance with the requirements set forth in 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within thirty (30) days of G2I being served with the FAC in this action, in light of the federal court holiday on October 12, 2026. *Ibid.*

6. In accordance with 28 U.S.C. § 1446(b), G2I certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff and

filed with the Clerk of the Superior Court of the State of California, County of Butte. Kroll Decl., ¶ 11. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## III. THIS COURT HAS ORIGINAL JURISDICTION BASED ON DIVERSITY JURISDICTION

7. A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because § 1446 tracks Federal Rule of Civil Procedure 8's liberal pleading standard, a notice of removal need only allege the grounds plausibly and need not be supported by evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiffs contests, or the court questions, the defendant's allegation."). As set forth below, this is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), which makes it eligible for removal by G2I pursuant to the provisions of 28 U.S.C. § 1441(a), because Plaintiff and G2I are citizens of different states and the amount in controversy exceeds $75,000.

### A. Complete Diversity of Citizenship Exists.

8. Plaintiff's Citizenship. For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries*, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Further, an individual's domicile is "[his] permanent home, where []he resides with the intention to remain or to which []he intends to return." *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).

9. At all relevant times, Plaintiff has been a resident of the State of California with an intent to remain within the State. Kroll Decl., ¶ 2, Ex. A (Complaint), at ¶ 1; Kroll Decl., ¶ 5, Ex. B (FAC), at ¶ 4. Therefore, G2I is informed and believes, and



MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

thereupon asserts that Plaintiff is and was a citizen of California for purposes of determining diversity jurisdiction for this removal.

10. G2I's Citizenship. The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The principal place of business is where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*.

11. At all relevant times, G2I has been a citizen of the State Florida within the meaning of 28 U.S.C. § 1332(c)(1), because it is now and was at all material times incorporated under the laws of the State of Florida and maintained its principal place of business in the State of Florida. G2I was, at the time the action commenced in the state court, and still is, incorporated in the state of Florida. Declaration of Gabriel Greenberg ("Greenberg Decl.), *filed concurrently herewith*, ¶¶ 2-3. Further, Miami, Florida, is the site of G2I's corporate headquarters and from where its core executive and administrative functions are directed. *Id*., ¶ 4. Accordingly, G2I's principal place of business is in Florida under the "nerve center" test. *Hertz Corp.*, 559 U.S. at 77. Therefore, G2I is (and was at all times relevant to this removal) a citizen of the State of Florida.

12. Doe Citizenship. "For purposes of removal … the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The inclusion of "doe" defendants in a state court action thus has no effect on removability. *Newcombe v. Adolf Coors, Co.*, 157 F.3d 686, 690 (9th Cir. 1998). Here, the "doe" defendants in this action were sued under fictitious names. Thus, pursuant to 28 U.S.C. § 1441(b)(1), all potential "doe" defendants shall be disregarded for

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

purposes of removal, and Plaintiff's inclusion of DOES 1 to 10 has no impact on this Court's diversity analysis.

13. Since Plaintiff is a citizen of California and G2I is a citizen of Florida, no party to this action is a citizen of the same state. As such, complete diversity among the parties exists now, and did so at the time of the filing of this action on May 19, 2026.

**B. <u>The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.</u>**

14. G2I denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, G2I does not waive any defenses that may otherwise be available to it, including but not limited to compelling Plaintiff's lawsuit to private, binding arbitration. Without waiving this position, and in light of the allegations of Plaintiff's FAC, the amount in controversy requirement is satisfied because the allegations in the FAC make it "more likely than not" that the amount in controversy exceeds the jurisdictional minimum – specifically, Plaintiff's FAC affirmatively sets forth that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (internal citation omitted).

15. In measuring the amount in controversy, a court must assume that the allegations of the FAC are true and that a jury will return a verdict for Plaintiff on all claims made in the FAC. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. Mar. 27, 2002). The ultimate inquiry is what amount is put "in controversy" by the FAC, not what G2I will actually owe, if anything. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. Oct. 14, 2005). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages and attorneys' fees. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

(1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law*); Conrad Associates v. Hartford Acc. & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

16. Here, the amount in controversy exceeds $75,000 based on the allegations in Plaintiff's FAC alone. Plaintiff's FAC "specifically demands up to $1,233,750 . . . and up to $250,000 for combined physical and emotional distress and incremental aggravation." Kroll Decl., ¶ 5, Ex. B (FAC), at ¶¶ 3(a), 54(a). While G2I specifically denies that it is liable to Plaintiff under any theory of liability, that Plaintiff suffered any alleged damages, and that G2I allegedly caused such damages, and contends that all of Plaintiff's claims are subject to private, binding arbitration,[2] for purposes of removal only, Plaintiff's FAC sets forth that the amount in controversy exceeds $75,000. As such, the amount in controversy requirement is satisfied.

///

///

///

///

///

///

///

///

///

---

[2] G2I intends to file a motion to compel arbitration of Plaintiff's claims within the deadline set forth in Federal Rules of Civil Procedure, Rule 81(c)(2)(C).

## IV. PRAYER FOR REMOVAL

WHEREFORE, G2I prays for removal of the above-entitled action from the Superior Court of the State of California, County of Butte, to this Court. G2I respectfully requests that this Court exercise its removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. If any question arises as to the propriety of the removal of this action, G2I respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable. By removing this action to this Court, G2I does not waive any defenses, objections or motions available to it under state or federal law.

Dated: October 9, 2026 **MCDERMOTT WILL & SCHULTE LLP**

By: */s/ Evan Kroll*
EVAN KROLL
Attorneys for Defendant
G2I Inc.