EVAN E. KROLL (SBN 333754)
ekroll@mcdermottlaw.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110

Attorneys for Defendant
G2I Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

CHARLES WALLACE, an individual,

Plaintiffs,

v.

G2I Inc., a Florida corporation; and DOES 1-10, inclusive,

Defendants.

CASE NO. 2:26-CV-03539-TLN-ICD PS

District Judge: Chief Judge Troy L. Nunley
Magistrate Judge: Hon. Ila C. Deiss

**DEFENDANT G2I INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO VACATE AND RESET OPPOSITION DEADLINE AND CONTINUE HEARING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION PENDING FORTHCOMING MOTION TO REMAND**

[Removed from Butte County Superior Court, Case No 26CV02192]

Complaint filed: May 19, 2026
FAC filed: September 8, 2026
Trial date: TBD

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

**Opposition to Motion for Administrative Relief**

Defendant G2I Inc. ("G2I") opposes[1] *pro per* Plaintiff Charles Wallace's ("Plaintiff") motion for administrative relief.

Plaintiff intends to file a motion to remand and committed to doing so by October 28, 2026. ECF Dkt. No. 12, p. 2:16-19. However, as of the filing of G2I's opposition to Plaintiff's motion for administrative relief, Plaintiff has not filed his motion to remand.[2] On the other hand, G2I timely removed the matter on October 9, 2026, based on diversity jurisdiction because the Parties are citizens of different states and the amount in controversy exceeds $75,000. *See* ECF Dkt. No. 1, *generally*. There are no factual inconsistencies in the record warranting remand. As such, no grounds exist to support Plaintiff's putative motion to remand. Further, G2I timely filed its motion to compel arbitration on October 16, 2026 pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), which is scheduled to be heard on December 9, 2026. ECF Dkt. No. 4.

Rather than indefinitely delay the hearing and briefing schedule on G2I's already-filed motion to compel arbitration to accommodate a motion that has not been filed and is unlikely to succeed, G2I contends that the Court should maintain the current motion to compel arbitration schedule and set Plaintiff's motion to remand on the same date and time as G2I's motion to compel arbitration. Doing so will preserve the Parties' and the Court's resources as both motions would be heard on the same day. Further, to the extent either Party objects to the Magistrate Judge's findings with respect to either motion, the deadline for doing so will be the same for both motions. Moreover, both motions will be finally resolved by the District Judge at the same time.

///

///

---

[1] G2I's filing of the instant opposition should not be construed as a waiver of G2I's right to compel arbitration in this matter.

[2] To the extent Plaintiff intends for his motion to remand to be heard on December 2, 2026, as suggested in Plaintiff's motion for administrative relief, pursuant to Local Rule 230(b), Plaintiff's deadline to file his motion to remand is October 28, 2026.

Given the above, G2I respectfully requests that the Court deny Plaintiff's motion for administrative relief.

Dated: October 28, 2026

**MCDERMOTT WILL & SCHULTE LLP**

By: */s/ Evan E. Kroll*
EVAN KROLL
Attorneys for Defendant
G2I Inc.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles